IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN MANZI,<br><br>Defendant. | **4:19CR3094**<br><br>ORDER FOR THE PROGRESSION OF A CRIMINAL CASE<br><br>**Judge John M. Gerrard** |

Upon arraignment of defendant this date and the entry of a plea of not guilty,

IT IS ORDERED:

1.  A **telephonic status hearing** to discuss case progression and how this case will be resolved will be held at 9:00 a.m. on October 24, 2019 before the undersigned magistrate judge. Defendant, defense counsel, and counsel for the government shall attend. Parties are directed to filing no. 9 for instructions on participation in the call.

2.  **Discovery**.  Within fourteen (14) days of this date, counsel shall confer and accomplish discovery in accordance with NECrimR 16.1 and  Fed.R.Crim.P. 16.  The United States Attorney shall disclose Brady v. Maryland (and its progeny) material as soon as practicable.

3.  **Motions; Prerequisites**.  The filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5.

    a.    The deadline filing pretrial motions will be set at the status conference.

    b.    In the event that any motions are filed seeking bills of particulars or discovery of facts, documents, or evidence, including Brady material, as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without the involvement of the court and that such attempts have been unsuccessful.  The motion shall further state the dates and times of any such conferences.

    c.    If request has been made for an evidentiary hearing, a request for leave to file a post-hearing brief may be filed either with the request for

evidentiary hearing, or, by a non-moving party, within five days thereafter. A request for post-hearing briefs shall set forth the specific reasons the requesting party cannot be expected to argue its position before the hearing. Post-hearing briefs will not generally be permitted unless the facts are so complex as to require them, or the evidence adduced at the hearing is so different from that expected to be adduced that it triggers different law, the applicability of which could not have been anticipated by the parties before the hearing.

4. **Settlement**. If plea negotiations are to be instituted, they shall be concluded and advice thereof given to the trial judge not less than one week prior to trial.

5. **CJA Vouchers**. Applications or vouchers pursuant to the Criminal Justice Act ("CJA") for authorization to hire third parties, to exceed the CJA spending limits, or for the expenditure of CJA funds shall be submitted on an appropriate CJA form available from the Clerk's office and supported by a statement of:

(a)     The name, address and telephone number of the person sought to be hired (if applicable);

(b)     A specific statement of the amount sought and the method of computing it;

(c)     A statement of the factual and legal bases supporting the request, including specific argument for exceeding the CJA's limits.

6. **Speedy Trial Act.**

a.     With Defendants' consent, the court finds that the time between today and October 24, 2019 is excluded under the Speedy Trial Act because although counsel have been diligent, additional time is needed to retrieve the evidence from the government's archives, evaluate the case, and determine how it will proceed, and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

b.     The prosecuting attorney to whom this case is assigned shall advise the court, by letter to the undersigned, at such time as the Speedy Trial Act requires that the trial of this case be scheduled within ten days, if trial is not then scheduled to begin within the period allowed by the Speedy Trial Act and no exceptions have tolled the Act's time limitations. Such notification shall set forth the number and dates of the days elapsed and days remaining under the Speedy Trial Act as applied to the events of this case.

7.     The defendant shall be present at all pretrial arguments or hearings unless excused by the court, and if permission is sought to be absent, the defendant shall deliver to the court in advance an affidavit stating that the defendant knowingly, intelligently and voluntarily gives up the right to attend such argument or hearing.

8.     Upon representation of counsel, due to the volume of the record, this court designates this case as a complex case and exempts it from the provisions in the Speedy Trial Act.

DATED this 10th day of September, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge