# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:19-CR-3094 |
| Plaintiff, | ) | |
| v. | ) | **DEFENDANT'S MOTION TO SUPPRESS** |
| JONATHAN MANZI, | ) | |
| Defendant. | ) | |

The Defendant, Jonathan Manzi, moves this Court, pursuant to the Fourth Amendment of the United States Constitution and Fed. R. Crim. P. 12 and 41, to suppress the fruits of a search warrant directed to Google, LLC and dated May 9, 2018. In support of his motion, the Defendant states as follows:

1. Mr. Manzi is charged with four counts of unauthorized access to a computer in violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

2. As part of its investigation into the alleged computer intrusion, the government obtained from this Court a search warrant (the "Search Warrant" or the "Warrant"), directed to Google, LLC ("Google") for information from four email accounts and two electronic devices allegedly associated with Mr. Manzi. Google, in response to the Warrant, produced to the government hundreds of thousands of emails, electronically stored documents, and other files belonging to or associated with Mr. Manzi. On information and belief, the government used information obtained from the Search Warrant to obtain the Indictment in this case and intends to introduce evidence at trial from, or based on, information obtained through the Search Warrant.

3. The fruits of the Search Warrant should be suppressed for multiple reasons. First, the Warrant, which was issued on May 9, 2018, was by its terms required to be executed by May

{02075266.DOCX} 1

22, 2018. The Warrant was not in fact executed until June 5, 2018. This was in violation of the plain terms of the Warrant and the deadline requirement of Fed. R. Crim. P. 41(e)(2). More significantly, because the warrant was not timely executed, it was expired as a constitutional matter and was thus void.

4. Second, the Warrant, as a constitutional matter, was both overbroad and was an impermissible general warrant because the Warrant contained no procedure or protocol whatsoever to bring the Warrant in compliance with the Fourth Amendment by minimizing the plain and extensive intrusion of the seizure of hundreds of thousands of files having nothing to do with the government's investigation.

5. Third, the Warrant permitted the government to search for evidence of any imagined conspiracy in violation of 18 U.S.C. § 371, regardless of the subject or nature of that conspiracy (and regardless whether it had anything to do with computer intrusion as alleged in this case). It did this despite no evidence whatsoever of a conspiracy in the application for the Warrant. This, too, rendered the warrant on its face a general warrant and an overbroad warrant in violation of the Fourth Amendment.

6. Fourth, the Warrant was unconstitutionally overbroad because it sought documents spanning a time frame from January 1, 2017, through the execution date of May 22, 2018 – a period of almost 17 months. The alleged criminal conduct under investigation, however, spanned only a few days in July 2017. There was no probable cause in the affidavit in support of the Warrant application for nearly so expansive a time frame.

7. Fifth, the government failed to comply with the requirements of the Warrant. Namely, the government was required under the Warrant to search through all of the documents seized from Google, identify those documents named in the Warrant as being subject to seizure,

and separate those documents from the large remainder of irrelevant documents. On information and belief, the government to this day has never done this and maintains the entire fund of documents for review at its leisure. This is a violation of the plain terms of the Warrant and of the Fourth Amendment.

8. In support of this motion, Mr. Manzi submits the Omnibus Declaration of Mark E. Weinhardt with various exhibits attached and the Defendant's Brief in Support of Motion to Suppress.

9. Because evidence regarding the government's execution of the Warrant and handling of documents obtained with the Warrant is relevant to Mr. Manzi's constitutional claims, Mr. Manzi requests that an evidentiary hearing on this motion be scheduled. He further requests oral argument on this motion.

WHEREFORE, the Defendant, Jonathan Manzi, prays this Court for an order scheduling an evidentiary hearing and oral argument on this Motion, and, following that hearing, an order suppressing all fruits of the Search Warrant.

THE WEINHARDT LAW FIRM

/s/ Mark E. Weinhardt_____
Mark E. Weinhardt   AT0008280
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
(515)-244-3100
mweinhardt@weinhardtlaw.com


BERRY LAW FIRM
Justin Kalemkiarian, #25415
6940 O Street, Suite 400
Lincoln, NE 68510
justin@jsberrylaw.com
(402) 466-8444

ATTORNEYS FOR JONATHAN MANZI

## CERTIFICATE OF SERVICE

     I hereby certify I have caused to filed with the Clerk of the United States District Clerk, District of Nebraska, using the CM/ECF system which sent notification to AUSA Steven A. Russell, on June 19, 2020.

                                        /s/ Mark E. Weinhardt
                                        Mark E. Weinhardt, AT0008280