IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19CR3094 |
| vs. | |
| JONATHAN MANZI, | ORDER |
| Defendant. | |

Defendant Manzi has moved to reconsider the court's ruling on the motion to suppress. (Filing No. 108). His motion was filed ex parte without any certificate of service on the government. However, based on an email sent to the court, (see attached), it was served on the government's taint team counsel, Sean Lynch. It was not served on the government's prosecuting counsel, Steve Russell.

Upon review of the filings, and with the agreement of defense counsel, the motion to reconsider will not remain an ex parte filing. Defense counsel agrees that nothing in the motion to reconsider and its supporting brief and evidence discloses information "would taint Mr. Russell regarding his continued participation in this case." (see attached).

Accordingly,

IT IS ORDERED:

    1)    Filings 108, 109, and 110 shall not remain ex parte filings.

2) The clerk shall place filings 108, 109, and 110 on the public docket and then regenerate the NEFs for these documents for distribution to all counsel of record, including Steve Russell.

3) The government's response to the motion to reconsider shall be filed on or before April 2, 2021.

Dated this 22nd day of March, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

| | |
|---|---|
| From: | Mark Weinhardt |
| To: | Cheryl Zwart; andrew@jsberrylaw.com; john_jsberrylaw.com; Justin Kalemkiarian |
| Subject: | RE: 4:19-cr-03094-JMG-CRZ-1 - Manzi, Jonathan |
| Date: | Monday, March 22, 2021 12:01:58 PM |
| Attachments: | Motion for Reconsideration.msg |

CAUTION - EXTERNAL:

Your Honor:

We served the motion, brief, and exhibit on Mr. Lynch on Friday afternoon by email contemporaneously with our filing. A copy of our email serving those papers is attached here. We agree that there is nothing about those filings that contains or refers to attorney-client privileged material, so we see no reason why Mr. Russell cannot see those documents. Indeed, we would stipulate to the proposition that nothing in those documents would taint Mr. Russell regarding his continued participation in this case, and we told the government that this morning. In our attached email to Mr. Lynch we asked for him to make his own determination of that question, but we hope that our offer to stipulate about that issue makes his determination easy.

We filed the materials ex parte out of an abundance of caution because our understanding was that Your Honor ordered the March 5, 2021 hearing closed, and we felt we would be transgressing that order by filing documents publicly that referred to a portion of the hearing. When the Court and/or the government determines that there is no attorney-client privilege reason to have the documents restricted from public view, we would be happy to have those filings filed without an ex parte or other restricted designation. If the Court wishes to make that determination in the context of denying our motion for ex parte treatment today, we would not object to that path.

We apologize if our method of handling this created confusion and would be happy to follow a different procedure for raising this sort of issue in future filings if the Court or counsel has a suggestion.

--Mark Weinhardt


Mark Weinhardt / The Weinhardt Law Firm
2600 Grand Avenue, Suite 450, Des Moines, IA 50312
Phone:  (515) 564-5270
E-mail | Bio

This email and any attachments contains information from The Weinhardt Law Firm. The information might be confidential and/or legally privileged. Then again, it might not. Either way, the information is intended only for the addressee identified above. If you are not that person, please don't review, disclose, copy, distribute, use, or do anything else with the email. And whatever you do, don't rely on it. Lastly, if you believe you received this email in error, please let us know by reply email or other trustworthy method to the address above.



-----Original Message-----
From: Cheryl Zwart <Cheryl_Zwart@ned.uscourts.gov>
Sent: Sunday, March 21, 2021 6:49 PM
To: andrew@jsberrylaw.com; john_jsberrylaw.com <john@jsberrylaw.com>; Justin Kalemkiarian <justin@jsberrylaw.com>; Mark Weinhardt <mweinhardt@weinhardtlaw.com>
Subject: 4:19-cr-03094-JMG-CRZ-1 - Manzi, Jonathan

Counsel:

Defendant has filed an ex parte motion to reconsider the ruling on Defendant's motion to suppress, citing to testimony from the hearing on the attorney-client privilege issue. There is no certificate indicating the motion to reconsider was served on Sean Lynch, who is handling the attorney-client privilege issue. As to him, there is no reason he should not see the filings.

And as to Steve Russell, who dealt with the motion to suppress, I see nothing in the ex parte submission explaining how Mr. Russell could be tainted if he saw the motion to reconsider and its supporting documents. Without that information, he cannot continue defending the motion to suppress on the government's behalf.

So, I am inclined to deny your request to file the motion to reconsider, and its supporting brief and evidence, ex parte. But I'll give Defendant until 4:00 p.m. tomorrow to explain why ex parte status is appropriate.

Thanks for your prompt response,

Cheryl Zwart
U.S. Magistrate Judge
CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.