IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3094 |
| vs. | MEMORANDUM AND ORDER |
| JONATHAN MANZI, | |
| Defendant. | |

The defendant has moved for reconsideration (filing 108) of the Court's previous order (filing 98) adopting the Magistrate Judge's findings and recommendation (filing 82), overruling his objection (filing 87) to the findings and recommendation, and denying his motion to dismiss (filing 31). And the defendant objects (filing 128) to the Magistrate Judge's findings, recommendation, and order (filing 124) recommending that his motion to reconsider be denied.[1]

The defendant also filed a motion styled as a "Motion for Relief from Invasion of the Attorney-Client Privilege" (filing 34) which the Magistrate Judge also recommended (filing 124) be denied. The defendant has objected (filing 130) to those findings and recommendation as well.

The defendant's motions present the Court with mixed standards of review. A magistrate judge's findings and recommendation on a motion to

---

[1] The Court notes that the defendant filed reply briefs in support of each objection—filing 146; filing 147—despite the Court's local rules clearly providing that an "objecting party may not file a reply brief without the court's leave." NECrimR 59.2(a). The Court has considered those briefs in this instance, but counsel is admonished to be more mindful of the Court's rules going forward.

suppress evidence or dismiss an indictment are reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1)(A) & (B); *United States v. Raddatz,* 100 S. Ct. 2406, 2411 (1980). Non-dispositive pretrial matters, on the other hand—such as discovery rulings—are reconsidered only where the magistrate judge's order is clearly erroneous or contrary to law. *See* § 636(b)(1)(A); *Gomez v. United States*, 109 S. Ct. 2237, 2246 (1989).

Here, the defendant's motion to reconsider asks the Court to suppress evidence obtained pursuant to a search warrant or, in the alternative, direct the government to complete a two-step relevance review of the materials obtained. *See* filing 122 at 5. Similarly, his motion for relief asks the Court to dismiss the case or, in the alternative, enter remedial discovery orders. *See* filing 34 at 3. The Court obviously reviews *de novo* the Magistrate Judge's refusal to recommend suppression of evidence or dismissal of the case. But to the extent the defendant is asking the Court to review the Magistrate Judge's consideration of remedial measures to resolve the parties' ongoing disputes over the fruits of this search warrant, the Court considers whether the Magistrate Judge's actions were clearly erroneous or contrary to law.

The Court has little to add to the Magistrate Judge's well-reasoned discussion of the defendant's motion to reconsider. Filing 124 at 4-7. The defendant's reply brief asserts that the dispute "boils down to [a] single issue: What remedy, if any, should be ordered where there is no evidence that the government will comply with an obligation that the government concedes it has?" Filing 147 at 1. The question contradicts its own premise: the evidence the government will comply with its obligation is that the government admits the obligation and says it will comply. *See* filing 138 at 8-9. The defendant implicitly concedes that the government cannot conduct a relevancy review until the privilege review is complete. *See* filing 147 at 2. And there is

absolutely no point to "hold[ing] that the Search Warrant actually requires a separation of relevant from irrelevant material" and "order[ing] that once the attorney-client privilege issue is resolved, the government must perform that separation with reasonable dispatch[,]" filing 147 at 3, when so far as the Court can tell, the government already agrees that the search warrant—a court order—requires that.[2] The Magistrate Judge's refusal to provide such a remedy was neither clearly erroneous nor contrary to law.

Similarly, the Court finds nothing clearly erroneous or contrary to law in the Magistrate Judge's resolution of the defendant's motion for relief.[3] The defendant raises two primary issues with the government's conduct of the privilege review—the first is that the process the government used to initially triage privileged documents was, according to the defendant, flawed. *See* filing 130 at 9-11. What's less clear is what the defendant wants the Court to actually do about it.

To begin with, the defendant asks the Court to "enter a finding explicitly determining that the government's process was ineffective." Filing 130 at 10.

---

[2] The Court also notes, as did the Magistrate Judge, a distinct lack of authority for the proposition that suppression of all the seized evidence would be required even if the government eventually failed to faithfully discharge its obligation. Flagrant disregard for the limitations of a search warrant might require suppression of all evidence seized during the search—but "only where the government exceeds the scope of the authorized search in terms of the places searched, and not cases to in which the government indulges in excessive seizures." *United States v. Decker*, 956 F.2d 773, 779 (8th Cir. 1992); *see United States v. Tenerelli*, 614 F.3d 764, 771 (8th Cir. 2010). When items are unlawfully seized but the places searched don't exceed the limits of the warrant, there's no requirement that lawfully seized evidence be suppressed. *Id.*

[3] So far as the Court can tell, the defendant appears to have abandoned his claim that the case should be dismissed, at least in his objection. *See* filing 130 at 15; filing 146 at 4.

To what end? To be clear: the Magistrate Judge found that none of the documents reviewed to date by the government's investigative team were privileged, filing 124 at 10, and nothing in the defendant's objection takes issue with that finding, *see* filing 130.[4] Honestly, so long as privileged material is actually kept from the investigative team, it doesn't matter whether the government's process for accomplishing that is effective, ineffective, or somewhere in between: what matters is the result. In the meantime, the government presumably understands the risks of mistakes in the privilege review, and the Court kibitzing would be neither appropriate nor helpful.

Nor is the Court persuaded that the defendant has proven what he thinks by showing that some privileged material was initially marked "unprivileged": the investigative team hasn't actually viewed the disputed material finally released by the filter team, pending resolution of the defendant's objections to some of that material. This is an adversarial proceeding, after all—the fact that the defendant has pointed out alleged errors in the government's position is evidence the *adversarial* process is working.

But the defendant also complains about having to take a laboring oar in that process. Filing 130 at 13-15. The Court has little sympathy for the defendant in that regard: there is nothing erroneous at all, much less clearly erroneous, about asking the defendant to review his own correspondence to assert his own privilege claims. It is, after all, the burden of a party asserting

---

[4] The defendant does assert, in a footnote, that the forwarding of certain emails "did not deprive them of their privileged status" even though the Magistrate Judge concluded to the contrary. Filing 130 at 8 n.8. He also asserts that "[t]his Court will need to make its own determination of that proposition"—but, apparently, without the benefit of the defendant actually explaining why he believes the Magistrate Judge's conclusion was incorrect. *See* filing 130 at 8 n.8. The Magistrate Judge's finding was correct; period—full stop.

a privilege to show that the privilege applies. *United States v. Ivers,* 967 F.3d 709, 715 (8th Cir. 2020), *cert. denied,* No. 20-7304, 2021 WL 2302015 (U.S. June 7, 2021) (citing *Bouschor v. United States,* 316 F.2d 451, 456 (8th Cir. 1963)). It is, again, not clear what the defendant wants, just what he doesn't: he says that "[t]he government should be ordered to conduct a screening process, in collaboration with the defense, that will be effective" but doesn't describe what that collaboration would look like, except that it wouldn't look like what was actually ordered. The Court is not persuaded by the defendant's passive-aggressive approach to resolving these issues.[5]

The defendant's second primary objection is that, somehow, the government's investigation has been tainted because a member of the filter team was exposed to privileged materials before identifying 201 pages of evidence as unprivileged. Filing 130 at 11. As the government points out, the filter team agent simply identified unprivileged documents and forwarded them to the investigative team. Filing 142 at 5-6. The defendant complains that the government "simply misses the point" of the defendant's objection. Filing 146 at 2. Well, apparently so does the Court.

The defendant appears to be seriously complaining about the fact that a member of the filter team was exposed to privileged material before identifying other material as unprivileged—which, in short, describes the job of the filter team. The defendant does not explain how a member of the filter team should

---

[5] Whether the defendant should be afforded 35 days, 90 days, or any other number of days to complete its part of the process is a question for the Magistrate Judge in the first instance. But the Court is not persuaded that "confining [the defendant] to 35 days, without the aid of the government's resources, places an extreme and unnecessary burden on him." Filing 130 at 15. It is, after all, *his* correspondence, which he's presumably known about (and had the ability to review) all along.

be expected to distinguish privileged from unprivileged material without actually seeing the privileged material.

In sum, the Court finds no merit to any of the defendant's objections. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (filing 124) are adopted.

2. The defendant's objections (filing 128; filing 130) are overruled.

3. The defendant's motion for relief (filing 34) is denied.

4. The defendant's motion to reconsider (filing 108) is denied.

Dated this 29th day of July, 2021.

BY THE COURT:

_____
John M. Gerrard
United States District Judge