IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>JONATHAN MANZI,<br><br>                 Defendant. | 4:19CR3094<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the motion for leave to file a bill of particulars, (Filing No. 155), filed by Defendant Jonathan Manzi ("Defendant"). For the reasons stated below, the motion will be denied.

BACKGROUND

Defendant is the President of Ink Labs, Inc. ("Ink"), which provides convenience printer services predominately on college and university campuses. In 2017, an Ink sales representative – Troy Pepper – left the company and transitioned to employment at an Ink competitor, Wepa, Inc. (Filing No. 32 at CM/ECF p. 3). Thereafter, the FBI began investigating the potential intrusion of computer and email accounts associated with Mr. Pepper.

On August 21, 2019, the defendant was indicted on four counts of violations of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(iii). (Filing No. 1).

Count I alleges:

On or about the 1st day of July, 2017, within the District of Nebraska, and elsewhere, the defendant, JONATHAN MANZI, intentionally

accessed and attempted to access a computer without authorization, and thereby obtained information from a protected computer of Google, LLC, for the Google email account of "T.P.", and the offense was committed for purposes of commercial advantage and private financial gain and the value of the information obtained exceeded $5,000.
In violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

Count II alleges:

On or about the 1st day of July, 2017, within the District of Nebraska, and elsewhere, the defendant, JONATHAN MANZI, intentionally accessed and attempted to access a computer without authorization, and thereby obtained information from a protected computer of Dropbox, Inc., for the Dropbox account of Wepa, Inc., and the offense was committed for purposes of commercial advantage and private financial gain and the value of the information obtained exceeded $5,000.
In violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

Count III alleges:

On or about the 2nd day of July, 2017, within the District of Nebraska, and elsewhere, the defendant, JONATHAN MANZI, intentionally accessed and attempted to access a computer without authorization, and thereby obtained information from a protected computer of Dropbox, Inc., for the Dropbox account of Wepa, Inc., and the offense was committed for purposes of commercial advantage and private financial gain and the value of the information obtained exceeded $5,000.
In violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

Count IV alleges:

On or about the 2nd day of July, 2017, within the District of Nebraska, and elsewhere, the defendant, JONATHAN MANZI, intentionally accessed and attempted to access a computer without authorization, and thereby obtained information from a protected computer of Google, LLC, for the Google email account of "T.P.", and the offense was committed for purposes of commercial advantage and private financial gain and the value of the information obtained exceeded $5,000.
In violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii).

Over two years after the indictment was filed, Defendant now moves for leave to file a motion for bill of particulars, seeking to compel the Government "to specify, for each count of the Indictment, what information [Manzi] allegedly obtained from the subject accounts that allegedly exceeds the $5,000 statutory threshold for felony computer intrusion." (Filing No. 155-2, at CM/ECF p. 2).

Defendant's motion will be denied on both procedural and substantive grounds: The motion is untimely, and it is unsupported by the law.

ANALYSIS

A.   Untimely Motion

The government argues a motion for bill of particulars, filed 27 months after the Defendant was arraigned, should be denied as untimely. The court agrees.

Manzi argues "the Indictment fails 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial' and 'minimize the danger of surprise at trial.'" (Id. at 2-3). And, "without knowing what information serves as the basis for each count of the Indictment, Mr. Manzi cannot assess whether the Indictment improperly charges him multiple times for allegedly stealing the same information, in violation of the Double Jeopardy Clause of the Fifth Amendment." (Id. at 3). Motions challenging the form and sufficiency of the indictment must be timely raised by pretrial motion. Fed. R. Crim. P. 12(b)(3).

Under Rule 12(c)(1), the court may set the pretrial motion deadline at the arraignment or as soon afterward as practicable. Here, the court did not set the pretrial motion deadline at the arraignment because this case is unusual and complex, necessitating additional time for Defendant to review the discovery before deciding if pretrial motions should be filed. Instead, the court scheduled status conferences with

the parties to ascertain Defendant's progress in reviewing the voluminous discovery. During a status conference held on November 6, 2019, defense counsel stated they had thoroughly reviewed the government's Rule 16 discovery and could file their pretrial motions within 30 days. (Filing No. 17). Consistent with Defendant's request, the court set a December 6, 2019 pretrial motion deadline. (Filing No. 18). Defendant obtained additional counsel who, on December 5, 2019, requested an additional 90 days to file pretrial motions. (Filing No. 24). So, the pretrial motion deadline was extended to March 6, 2020. (Filing No. 25). At Defendant's request, the pretrial motion deadline was again extended, this time to June 19, 2020, (Filing Nos. 28 and 29).

On June 19, 2020, Defendant timely filed a motion to suppress, (Filing No. 31), and a "Motion for Relief from Invasion of the Attorney-Client Privilege," (Filing No. 34). The defendant briefed both motions and on March 5, 2021, the court held an evidentiary hearing on the "Motion for Relief from Invasion of the Attorney-Client Privilege." (Filing Nos. 102-106). After considering my findings and recommendations on both motions, Defendant's objections to those filings, and Defendant's briefing, the district judge's ruling on the pretrial motions was entered on July 29, 2021. (Filing No. 149).

Neither within the extensive motion practice and associated briefing, nor during the evidentiary hearing, did Defendant at any time indicate or intimate that he lacked an understanding of the charges against him and the factual basis for those charges. To the contrary, Defendant's submissions and testimony indicate he fully understands the charges and the government's evidence in support.

Defendant's motion for leave to file a motion for bill of particulars to clarify the indictment was filed on December 8, 2021—17 months after the pretrial motion deadline set by the court. (Filing No. 155). Defendant's briefing and evidence in support of this motion do not explain why his request for a bill of particulars was not, or could not have been, raised on or before June 19, 2020. Instead, Defendant

4

apparently claims the court's order, (Filing No. 151), re-opened the opportunity to file any and all pretrial motions. Based on the record, I disagree.

In this case, Google documents (See Counts I and IV) were obtained by a search warrant. In response to Defendant's claim that the taint team was not properly identifying documents that are privileged, the court's Filing No. 151 order tasked Defendant with the initial responsibility of reviewing the documents and asserting his claim of privilege. The taint team could then consider Defendant's privilege claims, and if that team disagreed and the matter could not be resolved through good faith discussions, the parties could file additional pretrial motions requesting the court's *in camera* review of the documents in dispute. (Filing No. 124). The only pretrial motions contemplated at that time were for in camera review to determine whether documents were privileged, with a hearing to discuss the deadline for such motions scheduled after the parties' respective document review and good faith discussions. Filing No. 151 did not set aside the June 19, 2020 pretrial motion deadline, and it did not reopen the deadline as to all pretrial motions.

"If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Fed. R. Crim. P. 12(c)(3). A court "will not consider an untimely motion unless the party shows good cause for the delay," and "[g]ood cause requires a showing of cause and prejudice." United States v. Blanks, 985 F.3d 1070, 1072 (8th Cir. 2021), cert. denied, No. 21-5489, 2021 WL 5763168 (U.S. Dec. 6, 2021) (internal citations omitted). Here, Defendant has not shown good cause to permit the untimely filing of a motion for bill of particulars. His motion will therefore be denied.

B.    The Merits

Even if the court overlooks Defendant's failure to timely file the motion, the defendant is not entitled to a bill of particulars. The fundamental purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, to

5

prevent or minimize the element of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite. United States v. Hernandez, 299 F.3d 984, 989–90 (8th Cir.2002); see also United States v. Wessels, 12 F.3d 746, 751 (8th Cir.1993); United States v. Garrett, 797 F.2d 656, 665 (8th Cir.1986). The court has broad discretion in granting or denying a bill of particulars. United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.1991). The court, in its discretion, may order the government to provide requested supplementary details where the indictment fails sufficiently to advise the defendant of the charges and to enable him to prepare a defense. See, e.g., Garrett, 797 F.2d at 665; United States v. Hill, 589 F.2d 1344, 1351–52 (8th Cir.1979).

Manzi states he is "entitled to a bill of particulars describing the information he allegedly took" from the Dropbox and Google accounts listed in the indictment on the dates identified, and "the facts that make that information sufficiently valuable to make the alleged offense a felony." (Filing No. 155-1, at CM/ECF p. 2). He argues that he "cannot determine what information he allegedly purloined or what it is about the information that makes it worth more than $5000," so the "Indictment fails to sufficiently apprise him of the charges against him to enable him to prepare a defense." Id.

However, a bill of particulars is not a discovery tool. United States v. Shepard, 462 F.3d 847, 860 (8th Cir.2006). Nor is it a means of obtaining an "itemized disclosure of the government's evidence at trial." Wessels, 12 F.3d at 750; United States v. Matlock, 675 F.2d 981, 986 (8th Cir.1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars."); see also United States v. Torres, 901 F.2d 205 (2d Cir.1990) (denying motion for bill of particulars as "ill-disguised attempts at general pre-trial discovery"). When considering a defendant's request for a bill of particulars, courts will deny the request where substantial discovery materials have already been disclosed by the government. See United States v. Martell, 906 F.2d

6

555, 558 (11th Cir.1990); United States v. Pace, 898 F.2d 1218 (7th Cir.1990); United States v. Diaz, 675 F.Supp. 1382, 1390 (E.D.N.Y.1987), aff'd, 878 F.2d 608 (2d Cir.1989).

The government's brief states:

> Defendant was provided discovery by the United States within 14 days after the initial appearance on September 10, 2019. That discovery contained the listing of files accessed by the defendant from the Google email account of the victim designated as "T.P." including the Google drive information relating to the password the defendant obtained to gain access to the DropBox account of Wepa, Inc. The discovery contained a listing of the files that the defendant accessed from both the Google account of "T.P." and the DropBox account of Wepa, Inc. The defendant knows the file contents because the discovery reflects that Defendant obtained those files. All of this information was contained in the discovery provided to the defendant. The defendant is now asking for the specific information, or a copy of the information, that the defendant already possesses.

(Filing No. 158, at CM/ECF p. 203).[1]

Manzi is not entitled to a summary of how the government has marshalled the voluminous evidence it has provided to Manzi. He is not entitled to know how the government will prove the charges, a preview of the evidence it will offer, or a disclosure of its legal theories. Wessels, 12 F.3d at 750 ("[A] bill of particulars is not . . . is not to be used to provide detailed disclosure of government's evidence at trial."); United States v. Buttorff, 572 F.2d 619 (8th Cir. 1978) (holding district court did not err in denying defendant's motion for bill of particulars requesting the specific dates and places of the alleged offenses); United States v. Long, 449 F.2d 288 (8th Cir. 1971); (affirming denial of motion for bill of particulars made in effort to establish exact times of alleged acts described in the indictment in order to establish alibis; acquisition of

---

[1] The court notes that as to the Google documents, Defendant and the taint team are still culling through the pile to assure privileged information is not disclosed to the prosecution. (Filing No. 153). Until that process is complete, the defendant has access to the documents; the prosecutor does not.

evidentiary detail is not the function of bill of particulars); Spinelli v. United States, 382 F.2d 871, 889 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969) ("Requiring the government to specify exactly how it believed appellant violated this state statute would be to require the government to disclose either its legal theory of the case of furnish unnecessary evidentiary facts as to appellant's method of operation. In either case this is not information normally securable by a bill of particulars.").

Defendant's motion for an order "compelling the government to specify, for each count of the Indictment, what information [Manzi] allegedly obtained from the subject accounts that allegedly exceeds the $5,000 statutory threshold for felony computer intrusion," (Filing No. 155-2, at CM/ECF p. 2), will be denied.
.

Accordingly,

IT IS ORDERED that Defendant's motion for leave to file a motion for bill of particulars, (Filing No. 155), is denied.

Dated this 22nd day of December, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge