# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:19-CR-3094 |
| Plaintiff, ) | |
| v. ) | **DEFENDANT'S MOTION IN LIMINE** |
| JONATHAN MANZI, ) | **TO ADMIT EVIDENCE OF MOTIVE,** |
| Defendant. ) | **BIAS, AND CREDIBILITY** |

The Defendant, Jonathan Manzi, moves this court in limine for an order to admit evidence that the alleged victim and presumptive government witness, Troy Pepper, stole proprietary information from Mr. Manzi's company, Ink Labs ("Ink"), shortly before the computer intrusion charged in the Indictment, and held some of the stolen proprietary information in the Google email account described in Counts I and IV of the Indictment. Mr. Manzi requests oral argument on this motion. In support of his motion, the Defendant states as follows:

1.  Mr. Manzi is charged with four counts of unauthorized access to a computer in violation of 18 U.S.C. § 1030(a)(2) and (c)(2)(B)(i) and (iii). Two of the counts allege that Mr. Manzi unlawfully accessed the Google email account of an individual named Troy Pepper. Indictment, Counts I and IV. The other counts allege unlawful access of a Dropbox storage account for a business entity, Wepa, Inc. ("Wepa"). Indictment, Counts II and III. The unlawful computer intrusions are all alleged to have occurred on two consecutive days in July 2017. *Id.*

2.  Wepa is a business competitor of Ink Labs, Inc. ("Ink"). Mr. Manzi at all relevant times has been the CEO of Ink. Mr. Pepper was a sales employee of Ink, but in the months

before the alleged unauthorized access, which is sometimes known as "hacking," Mr. Pepper left his employment at Ink and became an employee of Wepa directly competing with his former employer Ink.

3. As elements in each count of the Indictment, the government has alleged that Mr. Manzi committed the hacking "for purposes of commercial advantage and private financial gain and the value of the information obtained exceeded $5000." Indictment, Counts I-IV. This allegation tracks the statute language, which demarcates the difference between a misdemeanor version of the unlawful access offense and the felony version that is charged here. *See* 18 U.S.C. § 1030(c)(2)(B).

4. At trial, Mr. Manzi will seek to introduce evidence that Mr. Pepper, immediately before his departure as an employee of Ink and his subsequent employment at Wepa, stole proprietary information from Ink and took that information with him to Wepa. Mr. Manzi will further seek to introduce evidence that individuals at Ink became aware of Mr. Pepper's theft and were very concerned about the competitive impact the purloined information would have in Wepa's hands. Mr. Manzi will also seek to introduce evidence that some of the stolen proprietary information was present in the Google email account of Mr. Pepper at the time of the alleged hacking of that account described in Counts I and IV of the Indictment. On information and belief, Mr. Manzi believes the government will object to the admission of this evidence on the basis of relevancy.

5. Evidence that Mr. Pepper stole proprietary information from Ink, that people at Ink knew it, and that such information was in fact in one of the accounts allegedly hacked is in fact relevant and highly probative on multiple issues. First, evidence suggesting that the alleged hacker—whomever it was—was attempting to investigate and/or reclaim information stolen

from Ink rather than obtain new information belonging to Wepa would tend to negate the claim that the hacking event "was committed for purposes of commercial advantage and private financial gain." *See generally* Indictment. No "advantage" or "gain" is involved where someone is simply trying to restore the parties to the status quo.

6. Second, that same evidence would negate the element that the "value of the information obtained exceeded $5000." *Id.* Information being restored to its rightful owner, for the purposes of a theft statute such as this one, does not a positive value, it has no value, because it is not stolen.

7. Third, evidence suggesting that Mr. Pepper, likely the government's star witness, initiated a commercial theft among business competitors is relevant to his credibility as a witness and his bias in testifying.

8. For these reasons, and for the reasons explained in more detail in the brief filed in support of this motion, Mr. Manzi requests a pretrial order in limine finding his proposed evidence to be admissible.

WHEREFORE, the Defendant, Johnathan Manzi, respectfully requests that the Court issue an order in limine finding the evidence summarized above to be admissible in Mr. Manzi's defense.

>THE WEINHARDT LAW FIRM
>
>/s/ Mark E. Weinhardt
>Mark E. Weinhardt                    AT0008280
>2600 Grand Avenue, Suite 450
>Des Moines, IA 50312
>(515) 244-3100
>Email: mweinhardt@weinhardtlaw.com
>
>and

        BERRY LAW FIRM
Justin B. Kalemkiarian, #25415
6940 O Street, Suite 400
Lincoln, NE 68510
(402) 466-8444
Email: justin@jsberrylaw.com

ATTORNEYS FOR JONATHAN MANZI

## CERTIFICATE OF SERVICE

I hereby certify I have caused this document to be filed with the Clerk of the United States District Clerk, District of Nebraska, using the CM/ECF system which sent notification to the government, on January 28, 2022.

/s/ Mark E. Weinhardt
Mark E. Weinhardt, AT0008280