IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3094 |
| vs. | MEMORANDUM AND ORDER |
| JONATHAN MANZI, | |
| Defendant. | |

This matter is before the Court on the defendant Jonathan Manzi's objection (filing 160) to the Magistrate Judge's order (filing 159) denying his motion for leave to file a motion for a bill of particulars (filing 155). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the record and finds the Magistrate Judge's order was neither clearly erroneous nor contrary to law. However, in light of significant briefing by the parties addressing evidentiary exchanges that occurred after the order was issued, the Court will briefly elaborate on its affirmance of the Magistrate Judge's decision.

In denying his motion for leave, the Magistrate Judge concluded, in part, that Manzi failed to show "good cause to permit the untimely filing of a motion for bill of particulars," filing 159 at 5, where the motion was filed seventeen months after the pretrial motions deadline and Manzi provided no explanation as to why the motion was not, or could not have been, made in a timely manner. Filing 159 at 4-5. Additionally, the Magistrate Judge noted that during those seventeen months, Manzi never "indicate[d] or intimate[d] that he lacked an understanding of the charges against him and the factual basis for those charges." Filing 159 at 4. Finally, the Magistrate Judge concluded that even if Manzi could show good cause to permit the untimely motion, his request for a

bill of particulars was without merit, as he was using it as improper discovery mechanism to obtain further evidentiary detail. Filing 159 at 5-8.

Still, Manzi argues his decision not to move for a bill of particulars at an earlier time that requested copies of the documents he allegedly "stole" from the accounts was valid, as he did not "desire to expend the Court's resources" and "assumed the government would meet its discovery obligations and produce the files." Filing 160 at 17-18. Once the government failed to produce these documents during discovery, however, he was "compelled to move for a bill of particulars." Filing 160 at 5-6. And although the government did provide some of these documents after the Magistrate Judge issued her order, Manzi argues that "it appears [] the government has not yet produced all such documents, and therefore, he does not have sufficient knowledge of what information was allegedly stolen . . . to prepare for trial and avoid prejudicial surprise." Filing 160 at 4.

Manzi went on to say that if the government would stipulate that the documents it provided "constitute the entirety of the information it has charged Mr. Manzi with stealing," his motion for leave to move for a bill of particulars would be moot. Filing 168-1 at 2. The government rejected this stipulation request. Filing 172 at 3-4. However, as stated above, the government claims it provided Manzi with all of such files currently in its possession and control after the Magistrate Judge's order was issued, filing 166 at 3; *see* filing 168-1 at 2, and has assured the Court that it will promptly provide Manzi with any additional Rule 16 discovery it receives moving forward.. Filing 166 at 2.

For the Court, these additional disclosures by the government only further demonstrate that a bill of particulars is not needed to apprise Manzi of the nature of the charges against him. An indictment sufficiently apprises the defendant of the charges if it "contains the elements of the offense charged and

2

fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982) (citations omitted). And as stated by the Magistrate Judge, when considering if the defendant is sufficiently apprised of the charges to enable him to prepare a defense, the Court can, and should, also consider the disclosures made to the defendant during discovery. *See United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

The indictment in the instant case clearly contains the elements of the offense as outlined in 18 U.S.C. § 1030(a)(2), (c)(2)(B)(i), and (iii), including that Manzi obtained *information*, for the purposes of commercial advantage and private financial gain, the value of which exceeded $5,000. Filing 155-2 at 2. In addition, as in *Matlock*, the indictment also includes the exact dates on which Manzi allegedly committed the unlawful acts, the accounts he allegedly accessed (including the owners of those accounts), the reasons he allegedly accessed the accounts, and the laws he thereby violated. *See Matlock*, 675 F.2d at 986. The detail of this information, in addition to putting Manzi on notice of the charges against him, also enables him to make the appropriate plea if faced with issues of double jeopardy. Thus it is clear that, at the time of the Magistrate Judge's ruling, Manzi was informed of the charges and allegations he must defend at trial, making the denial of leave to file a motion for a bill of particulars well within the parameters of the law.

And after the government's most recent disclosures, Manzi also has six documents containing examples of the type of proprietary information the government will argue he illegally accessed and obtained. Therefore, through the indictment and discovery, the government has made the basis for its charges clear: that Manzi unlawfully accessed "the Google email account of the

3

victim designated as 'T.P.' [and obtained password] information [that he then] used to gain access to the Dropbox account of Wepa, Inc.," a competitor of his business, where he obtained information, exceeding $5,000 in value, to derive a commercial or financial gain. Filing 166 at 5; *see* filing 158 at 3. What's more, in a separate briefing to the Court, Manzi made it clear that he understood the type of information he was accused of unlawfully accessing, summarizing the government's argument as an allegation that "Mr. Manzi [s]tole WEPA's [p]roprietary [i]nformation." Filing 167-1 at 12.

In sum, at this stage, granting Manzi leave to file a motion for a bill of particulars would effectively serve as a tool for acquiring evidentiary detail. Not only would that be improper, as that is "not the function of the bill of particulars," filing 159 at 6 (citing *Matlock,* 675 F.2d at 986), but it would also be unnecessary given the government's promise *and* duty to disclose any discoverable information it may receive between now and trial. As such, the Court finds that the Magistrate Judge's order was not contrary to law.

IT IS ORDERED that the defendant's objection (filing 160) to the Magistrate Judge's order (filing 159) denying his motion for leave to file a motion for a bill of particulars (filing 155) is overruled.

Dated this 22nd day of February, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

4