IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JONATHAN MANZI,

Defendant.

4:19-CR-3094

MEMORANDUM AND ORDER

This matter is before the Court on the defendant Jonathan Manzi's objection (filing 187) to the Magistrate Judge's order (filing 186) denying his motion for issuance of subpoenas under Fed. R. Crim. P. 17(c) (filing 175). Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court has reviewed the record and finds the Magistrate Judge's order was neither clearly erroneous nor contrary to law.

The underlying objective of Manzi's present motion is ultimately the same as that in his previous motion for leave to file a bill of particulars (filing 155): to obtain copies of, or a list of, all of the documents he allegedly obtained without authorization during the charged computer intrusions. *See* filing 160 at 12-15, 19; filing 187 at 12. Manzi's previous motion for leave to file a bill of particulars was denied by the Magistrate Judge (filing 159) in an order affirmed by this Court over Manzi's objection (filing 160), as Manzi was improperly attempting to use a bill of particulars "as a tool for acquiring evidentiary detail." Filing 176 at 4.

And as noted above, the Magistrate Judge also denied Manzi's current motion requesting the issuance of subpoenas that would require the alleged victims in this case—Wepa, Inc. and Troy Pepper—to produce "any documents accessed from the victims' accounts between July 1 and July 7, 2017, along

with any logs, screenshots, or other data indicating what files were accessed." Filing 186 at 5. The Magistrate Judge premised this decision both on procedural grounds, as Manzi failed to comply with the meet and confer requirements outlined in NECrimR 12.3(b)(3), and substantive grounds, concluding that the requested information was otherwise available to Manzi and that the subpoenas would effectively "cast a wide net . . . . to provide an additional means of discovery," which is not the purpose of a Rule 17(c) subpoena. Filing 186. For the reasons outlined below, the Magistrate Judge's decision to deny Manzi's motion was not clearly erroneous or contrary to law. In fact, the decision was well supported by both the facts and the law.

First, Manzi admits that his counsel failed to confer with the government before filing the present motion as required by NECrimR 12.3(b)(3). *See* filing 175; filing 187 at 11-12. And Manzi's attempt to comply with the local rules *after* the Magistrate Judge's order was issued, *see* filing 187 at 11, does not change the fact that the Magistrate Judge acted within the confines of the law in denying Manzi's motion. Stated another way, Manzi's attempt to confer with the government after his motion was denied does not retrospectively cure the deficiencies in his motion and render the Magistrate Judge's order erroneous.

The Magistrate Judge's decision to deny Manzi's motion on substantive grounds is also not contrary to law, as it clearly upholds the objectives of Rule 17(c)(1) as articulated by both the Supreme Court and the Eighth Circuit. *See United States v. Nixon,* 418 U.S. 683, 702 (1974); *United States v. Turner,* 934 F.3d 794 (8th Cir. 2019). These courts have held that a "party requesting a subpoena duces tecum 'must identify the documents [requested] with adequate specificity and show that the documents are relevant and admissible,'" *Turner,* 934 F.3d at 798 (alternation in original) (citing *U.S. v. Bradford,* 806 F.3d 1151, 1155 (8th Cir. 2015)), to ensure that the subpoena is not being improperly used

as a means of discovery. *Nixon*, 418 U.S. at 698-700. Consequently, "[t]he relevance and specificity elements require more than the title of a document and conjecture as to its contents, and a subpoena should not issue based upon a party's mere hope that it will turn up favorable evidence." *Bradford*, 806 F.3d at 1155 (citations omitted). Additionally, whether the documents are otherwise procurable by the requesting party reasonably in advance of trial by exercise of due diligence and whether the party is unable to prepare for trial without such production may also be relevant to a court's decision of whether to grant a party's motion for a subpoena duces tecum. *See Nixon*, 418 U.S. at 698-700.

As noted by the Magistrate Judge, although the documents Manzi requested are, in fact, relevant, filing 186 at 7, based on the disclosures that have already been made in this case, his requested subpoena is clearly an attempt to "cast a wide net to discover whether [the victims] have further documentation showing [he] allegedly accessed their email accounts." Filing 186 at 9. To date, the government has produced six documents which it claims were obtained by Manzi during the alleged hacks, filing 187 at 2, and has assured the Court that *if* it "comes into possession of [additional] Rule 16 discovery material, it will provide that information to the defendant." Filing 191 at 1-2. However, it is the government's belief that the victims in this case have provided copies of all of their documents (of which they are aware) that Manzi allegedly accessed during the intrusions, and notes that there is no evidence indicating that the victims are withholding additional evidence. *See* filing 191 at 9.

Accordingly, the government anticipates that any additional evidence of "files [that] were accessed" by Manzi would be identified in its review of the documents from Manzi's email account. *See* filing 191 at 7-8. However, due to a privilege dispute, Manzi has had access to the information from his own

Google account for over two years, while as of the date of the Magistrate Judge's order, the government had not yet reviewed the vast majority of documents in this account. Filing 186 at 8-9. For these reasons, the government has maintained that, "until all the emails not subject to the attorney-client privilege are viewed by the United States, the United States has no way of knowing what additional evidence of intrusion exists." Filing 191 at 7.

Thus, the Magistrate Judge's conclusion that the information Manzi requested is otherwise available to him—and, therefore, that he is able to adequately prepare for trial—does not require the Court (as Manzi suggests) to apply a "presumption of guilt." *See* filing 187 at 8. Instead, these conclusions reasonably rely on the government's assertion that *if* there is any additional evidence allegedly showing that Manzi illegally accessed the victims' documents (other than those already disclosed to him), they expect to find such evidence on Manzi's Google account, which Manzi already has access to. Consequently, Manzi's argument that he needs the Court to issue a subpoena to foreclose the possibility that the victims *may* have documents that the government could decide to use at trial, despite the government's indication that it does not believe such evidence exists, filing 187 at 4, 9, is the epitome of a fishing expedition, and an unnecessary one at that given the government's duty to disclose this information if it were to receive it between now and trial.

Similarly, though one of the victims did state that it would not provide "*additional* information, or copies of emails from . . . the time of the occurrence . . . absent a subpoena," filing 182-1 (emphasis added), there is no indication from the government that this victim has any additional information that the government plans to request for use at trial, noting that the "only matter to be resolved is whether there is additional evidence of

4

intrusion . . . which Manzi has had access to" through his Google account. *See* filing 191 at 9-10. And Manzi is unable to identify, with any specificity, what these documents may be, explaining only that "[n]o one at this point knows whether the putative victims have now produced all such information, or whether more is being held back," and therefore, he "is entitled to use the process of this Court . . . to ensure that all of the evidence contemplated by the Indictment is in fact obtained in advance of trial." Filing 187 at 12.

Given that Manzi is entirely unsure of whether the "documents" he is requesting even exist, it is clear that he has nothing more than "mere hope" that the requested subpoenas will turn up favorable evidence. For these reasons, this Court finds that the Magistrate Judge's decision to deny Manzi's motion for a subpoena, both on procedural and substantive grounds, was not clearly erroneous. In fact, the decision was entirely correct.

IT IS ORDERED that the defendant's objection (filing 187) is overruled.

Dated this 12th day of May, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge

5