IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JONATHAN MANZI,<br><br>　　　　　Defendant. | 4:19CR3094<br><br>PLEA AGREEMENT |

　　　　IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney and defendant, Jonathan Manzi, and Mark Weinhardt, counsel for defendant, as follows:

I

## THE PLEA

A.　　CHARGE(S) & FORFEITURE ALLEGATION(S).

　　　　Defendant agrees to plead guilty to Counts I and II of an Information. Counts I and II each charge a violation of Title 18, United States Code, Section 1030(a)(2) and (c)(2)(A).

B.　　In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

　　　　1.　　The United States will move to dismiss Counts I, II, III, and IV of the Indictment at the time of sentencing.

　　　　2.　　The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for crimes disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

1

## II
## **NATURE OF THE OFFENSE**

A.  ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Defendant intentionally accessed a computer;

2. Such access was without authorization;

3. Defendant did so to obtain information;

4. From a protected computer as defined by federal law.

B.  ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Defendant was an owner and co-founder of Ink Labs, Inc. (Ink Labs), a business that specialized in technology to permit its customers and users of Ink Lab's services to upload materials to "the cloud" and then print those uploaded materials at an Ink Labs "kiosk" or other printing location for a fee. The majority of Ink Labs' customers are colleges and universities. One of Ink Labs competitors in this market was Wepa, Inc., a business located in Pelham, Alabama. The victim identified in the Information as "T.P.", worked at Ink Labs until February 9, 2017, when he resigned from his position. T.P. rejoined Wepa, Inc. as a Regional Sales Representative after leaving Ink Labs.

With respect to Count I of the Information, on June 30, 2017, while traveling abroad with his family in Spain, T.P. received a text message containing a 6-digit Google verification code that could be used to access T.P.'s Gmail account. T.P. had not attempted to access his Gmail account. Five minutes later, T.P. received a text message that stated "AT&T Free Msg: Please let me know if it is working right now, Troy. Daniel M." T.P. contacted AT&T to inquire about whether anyone was attempting to add a device, which AT&T denied at that time. About 14 hours later, on July 1, 2017, T.P. received another text message that stated "AT&T Free Msg: Thank you for contacting us regarding how to use your handset. Device support information is also available at att.com/devicehowto Chetan C."

2

On July 2, 2017, while in Spain, T.P.'s cellular phone lost service. T.P. contacted AT&T and was told that he had requested that his phone number be moved to a Samsung device. T.P. stated that he had not authorized this change and asked that his number be moved back to his Apple iPhone. On this same day T.P. also noticed that he was unable to log into his Gmail account using his credentials. Evidence established that on July 1, 2017, in the District of Nebraska, Defendant accessed the Google email account of T.P., without authorization, by impersonating T.P. to AT&T and having AT&T change the temporary PIN and SIM number of T.P's cellular account to gain control over T.P.'s phone. Once gaining control, Defendant was able to access the information contained in files and applications on T.P.'s Google accounts, including access T.P.'s email account and web-based applications on the phone. Through T.P.'s email account, Defendant also was able to obtain T.P.'s login credentials for the Dropbox account for Wepa, Inc. Defendant, without authorization, accessed files stored in Wepa, Inc.'s Dropbox account. Computers and information owned, maintained and accessible through Google, Inc. and Dropbox, Inc. are protected computers within the definition of federal law.

With respect to Count II of the Information, on July 1, 2017, in the District of Nebraska, Defendant accessed, without authorization, the Dropbox account of Wepa, Inc., using T.P.'s Google account previously accessed by Defendant, as alleged in Count I, and changing the password of T.P.'s Dropbox account. Once Defendant accessed the Wepa, Inc. Dropbox account, Defendant was able to access information of Wepa, Inc., including customer information, from the account. Computers and information owned, maintained and accessible from Google, Inc. and Dropbox, Inc. are protected computers within the definition of federal law.

### III
### PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

 1. A maximum 1 year in prison;
 2. A maximum $100,000 fine;
 3. A mandatory special assessment of $25 per count; and
 4. A term of supervised release of not more than 1 year. Defendant understands that failure to comply with any of the conditions of supervised release may result in

3

        revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.

    5. Possible ineligibility for certain Federal benefits.

B. COUNT II. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 1 year in prison;
2. A maximum $100,000 fine;
3. A mandatory special assessment of $25 per count; and
4. A term of supervised release of not more than 1 year. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

### IV

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

### V

### SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

    1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a minimum sentence of 6 months. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. The determination of the length of the sentence, and the type of sentence to be imposed (i.e., house arrest, community confinement, or incarceration) will be determined by the Court. The parties further agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the Defendant will pay restitution to Wepa, Inc., in the amount of Six Hundred Thirty Thousand Dollars ($630,000), of which $400,000 has already been paid, and restitution to the individual designated in the Information as "T.P." of Twenty-

Five Thousand Dollars ($25,000). All other terms and conditions of Defendant's sentence are left to the discretion of the Court.

    2.    If the defendant is found to be entitled to an offense level reduction under U.S.S.G. 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the court reduce the defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

    3.    The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless of whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

Restitution ordered to Wepa, Inc. and "T.P.", in the sums of $630,000, of which $400,000 has already been paid, and $25,000, respectively, as set forth in Paragraph V(A)(1) of this agreement.

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.    <u>ACCEPTANCE OF RESPONSIBILITY</u>.

Notwithstanding paragraph A above, the United States will <u>not</u> recommend any adjustment for Acceptance of Responsibility if defendant:

    1.    Fails to admit a complete factual basis for the guilty plea at the time it is entered, or
    2.    Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the court or probation officer, or
    3.    Fails to appear in court, or
    4.    Engages in additional criminal conduct, or

5. Attempts to withdraw the guilty plea, or
6. Refuses to abide by any lawful court order, or
7. Contests or assists any third party in contesting the forfeiture of property(ies)seized or forfeited in connection with this case.

**The parties further agree the defendant will make no "blanket" objections to the criminal history calculation (specific objections based on stated grounds are permitted). Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**

C. <u>ADJUSTMENTS, DEPARTURES & REDUCTIONS UNDER 18 U.S.C. § 3553</u>.

The parties agree that defendant may not request or recommend additional downward adjustments, departures, including criminal history departures under U.S.S.G. § 4A1.3, and sentence reductions under 18 U.S.C. § 3553(a), below the minimum six-month period agreed to by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The parties agree that Defendant and that the United States may argue for any sentence consistent with the provisions agreed to by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) set forth in Section V, paragraph A above.

D. <u>CRIMINAL HISTORY</u>.

The parties have no agreement concerning the defendant's Criminal History Category, except that if defendant is determined to be a Career Offender, the parties agree that the defendant is automatically a Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b).

E. <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

## VI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

(a) As provided in Section I above, (if this is a conditional guilty plea); and

(b) A claim of ineffective assistance of counsel.

(c) A right to file a motion under 18 U.S.C. § 3582(c)(1)(A);

1. the general right to file a compassionate release motion;
2. the right to file a second or successive such motion; or
3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

### BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the

defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement, and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $25 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal

Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

12-14-22
Date

STEVEN A. RUSSELL
ACTING U.S. ATTORNEY

12/13/2022
Date

JONATHAN MANZI
DEFENDANT

12/13/22
Date

MARK WEINHARDT
COUNSEL FOR DEFENDANT

9